**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DAMEAN LEE HOOPER, | : | |
| Petitioner, | : | |
| | | Case No.  3:04CV405 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| ANTHONY J. BRIGANO, | : | Magistrate Judge Sharon L. Ovington |
| Warden, Lebanon Correctional | | |
| Institution, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION[1]**

**I.     INTRODUCTION**

Damean Lee Hooper, an inmate at the Lebanon Correctional Institution, brings this case seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Following an initial review of Hooper's Petition under Rule 4 of Rules Governing Habeas Corpus Cases, the Court directed Respondent to file an Answer, or alternatively, to file a Motion to Dismiss. (Doc. #5).  On March 23, 2005, Respondent filed a Motion to Dismiss arguing that Hooper's Petition is barred by the applicable one-year statute of limitations.  (Doc. #7).

Hooper filed a Motion for Extension of Time to Respond to the Motion to Dismiss, which the Court granted thereby giving Hooper until June 22, 2005 to oppose Respondent's

---

[1]   Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Motion. Hooper, however, did not file a Memorandum in Opposition and consequently, on June 23, 2005, the Court ordered Hooper to show cause, on or before July 7, 2005, why this case should not be dismissed due to his failure to file a timely Memorandum in Opposition. (Doc. #10). Hooper has not responded to the Order to Show Cause and has not otherwise opposed Respondent's Motion to Dismiss.

In the absence of opposition by Hooper, Respondent's Motion to Dismiss and attached Exhibits establish that Hooper's Petition is time barred.

**II.    BACKGROUND**

In April 2000 a jury in the Montgomery County, Ohio Court of Common Pleas found Hooper guilty of two counts of murder with firearm specifications, carrying a concealed weapon, and having weapons under a disability. The trial judge sentenced Hooper to a total aggregate term of imprisonment lasting eighteen years to life. (Doc. #7 at 5 and Exhibits 1-11).

Hooper, through counsel, pursued an unsuccessful direct appeal in the Ohio Court of Appeals. The Ohio Court of Appeals rejected Hooper's Assignments of Error on <u>June 1, 2001</u>. (Doc. #7, Exh. 14). As will be discussed below, this date is critical to the resolution of the present case because nearly three years past before Hooper took further action in the Ohio Courts.

In April 2004 Hooper filed a *pro se* Motion for Delayed Appeal in the Ohio Supreme Court. On June 9, 2004, the Ohio Supreme Court denied Hooper's Motion without explanation. (Doc. #7, Exh. 16).

On August 3, 2004, Hooper filed a Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of Ohio, Eastern Division at Columbus, Ohio. On

November 10, 2004, United States Magistrate Judge Terrence P. Kemp ordered that Hooper's Petition be transferred to the United States District Court for the Southern District of Ohio, Western Division at Dayton, Ohio because Hooper's Petition challenges convictions in the Montgomery County, Ohio Court of Common Pleas. (Doc. #3; *see* 28 U.S.C. §115(b)(1); *see also* S.D. Ohio Civ. R. 82.1(b), (f)).

Hooper's Petition raises five grounds for relief.

Ground One: The trial court erred to the prejudice of [Hooper] by unduly restricting the cross examination of the only eyewitness in the case.

Ground Two: The prosecutor engaged in unfair final argument and thereby denied [Hooper] a fair trial.

Ground Three: The trial court committed plain error in giving the jury forseeability instructions.

Ground Four: [Hooper] was denied effective assistance of counsel.

Ground Five: The convictions of murder should be reversed because [they are] against the manifest weight of the evidence.

(Doc. # 4 at 6).

### III. ANALYSIS

Respondent contends that Hooper's Petition is barred by the applicable one-year statute of limitations because his convictions became final on July 16, 2001, forty-five days after he failed to file a timely direct appeal in the Ohio Supreme Court. Respondent calculates that Hooper had until July 15, 2002 to file the instant Petition. Consequently, according to Respondent, Hooper's Petition is time barred because he did not file it until August 4, 2004.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") requires a state prisoner seeking to bring a habeas corpus action to file his or her Petition within one year

3

from the conclusion of his or her state appeal. 28 U.S.C. §2244(d)(1). This one-year period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution ... is removed;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable...;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

> The AEDPA permits tolling of its one-year statute of limitations as follows:
>
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2).

Hooper's direct appeal in the Ohio Court of Appeals concluded on June 1, 2001, when the Ohio Court of Appeals issued its decision rejecting Hooper's Assignments of Error. *See* Doc. #7, Exh. 14. Under the Ohio Supreme Court Rules of Practice, Hooper had 45 days to file an appeal in the Ohio Supreme Court. *See* Ohio S.Ct. R. Pract., Rule II, §2(A). Hooper thus had until July 16, 2001, to file a Notice of Appeal in the Ohio Supreme Court. He did not do so. Consequently, the AEDPA's statute of limitations began to run on July 16, 2001.

One year later, on July 16, 2002, the AEDPA's limitation period expired. Hooper did not file the present case until August 4, 2004. Unless some intervening state court proceeding tolled the AEDPA's statute of limitations from running, Hooper's present habeas corpus Petition is

time barred. The only potential intervening state court proceeding was Hooper's Motion for Delayed Appeal, which he filed in the Ohio Supreme Court in April 2004. This Motion, however, does not assist Hooper in establishing that the AEDPA's limitation period was tolled because the limitations period had already expired when, on April 29, 2004, Hooper filed his Motion for Delayed Appeal. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)(AEDPA's statute of limitations not "retriggered" by denial of a Motion for Delayed Appeal).

Respondent further contends that equitable tolling does not rescue Hooper's Petition from its time problems because none of the applicable factors weighs in favor of equitable tolling. Due to the absence of opposition by Hooper to Respondent's Motion to Dismiss, Respondent has demonstrated that equitable tolling does not save Hooper's Petition from the AEDPA's one-year statute of limitations. *See* Doc. #7 at 8-9. A review of the record, moreover, reveals no indication that Hooper lacked either actual or constructive knowledge of the AEDPA's limitation period, or that he has been diligent in pursuing his habeas claims. In these circumstances, equitable tolling does not assist Hooper in avoiding the AEDPA's one-year statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).

Accordingly, the AEDPA's one-year statute of limitations bars Hooper's Petition. In the instant case, the conclusion that Hooper's claims are barred by the applicable statute of limitations is not debatable among jurists of reason. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's Motion to Dismiss (Doc. #7) be GRANTED;

2. Damean Lee Hooper Petition for a Writ of Habeas Corpus (Doc. #4) be DENIED and DISMISSED;

3. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

4. The case be terminated on the docket of this Court.


August 9, 2005


                                                                                        s/ Sharon L. Ovington
                                                                                          Sharon L. Ovington
                                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).